UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAHEAN JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:04CV653 HEA |
| | ) |
| DAVE DORMIRE and JEREMIAH W. | ) |
| "JAY" NIXON,[1] | ) |
| | ) |
| Respondents, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Lewis M. Blanton, that Jones' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied. Petitioner has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and

---

[1] Because Petitioner is challenging a sentence to be served in the future, the Attorney General of Missouri, Jeremiah W. "Jay" Nixon, is added as a proper party respondent. See Rule 2(a) and (b), Rules Governing Section 2254.

Recommendation to which petitioner objects.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996.  When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362

(2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409.

## **Discussion**

The Procedural History and Factual Background are set forth in the Report and Recommendation. Petitioner does not object to the factual background, rather, he essentially objects to Judge Blanton's conclusions of law. These objections, however, are without merit.

As Ground One of the Petition, Petitioner argues that the trial court erred in failing to strike Venireman George Niewald for cause because he stated that he would give a police officer's testimony more weight than that of other witnesses.

The record establishes that Mr. Niewald was questioned with respect to his

statement. He stated that he thought a police officer would be more observant than an ordinary citizen. When questioned, however, Mr. Niewald further explained that he did not think a police officer would be more truthful than anyone else; that he would hold a police officer to the same scale as that of a lay witness. The Missouri Court of Appeals rejected petitioner's claim and found that the trial court did not err; the record supported the trial court's conclusion that Mr. Niewald had been rehabilitated by his further answers. Nothing Petitioner argues in his objection to this finding establishes that the state court's finding was contrary to or an unreasonable application of federal law. To maintain a claim that a biased juror prejudiced him, Petitioner must have shown that the juror was actually biased against him. *See Smith v. Phillips,* 455 U.S. 209, 215 (1981). Petitioner has not shown that Mr. Niewald was actually biased, and thus has failed to show that his presence on the jury prejudiced him. *Goeders v. Hundley*, 59 F.3d 73, 75 (8th Cir. 1995). Petitioner's objection in this regard is denied.

As Ground Two, Petitioner claims that the trial court erred in allowing the admission into evidence of autopsy photographs of the victim. Petitioner once again argues that the admission of these photographs were repetitive, prejudicial, inflammatory and of no probative value. As Judge Blanton correctly discusses, in order for a petitioner to meet the due process standard of "conspicuously

prejudicial" or "of such magnitude as to fatally infect the trial," Petitioner must show a reasonable probability that the alleged evidentiary errors, affected the trial's outcome.

The Missouri Court of Appeals found that the photographs were properly admitted to rebut Petitioner's claim of self defense.  Petitioner recognizes that his state of mind was at issue, *i.e.,* whether he acted in self defense.  The Appellate Court's finding, therefore goes to the very heart of the issue, that the photographs were relevant to show the mental state of Petitioner at the time of the shooting. Furthermore, the Court found that the photographs were also admissible to show the nature and extent of the victim's wounds, as well as to corroborate the testimony of the pathologist.

These findings conclusively demonstrate that Petitioner cannot overcome his due process burden.  Petitioner has failed to show any error in the admission of the photographs as conspicuously prejudicial or of such magnitude that there was a reasonable probability that their admission affected the trial's outcome.

Petitioner claims in his objections that this issue also establishes ineffective assistance of counsel because these photographs were not the ones that were struck for cause and that he believes counsel purposely put the wrong exhibits in his appeal to "sabotage" his appeal.  For the reasons set forth above, and below as to the

standard for establishing ineffective assistance of counsel, this claim is also without merit. The photographs, as discussed by the Missouri Court of Appeals were relevant and material to the issues presented to the jury.

Petitioner claims, as Ground Three that counsel was ineffective for failing to call his mother and brother as witnesses on his behalf. The Missouri courts properly applied the correct standard for determining whether a criminal defendant has received effective assistance of counsel as set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984): A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.*

The motion court found that counsel was not ineffective for failing to put on cumulative evidence. The Missouri Court of Appeals upheld this finding and noted that neither Petitioner's mother nor brother witnessed the shooting and therefore,

their testimony could not have proven that Petitioner acted in self defense. Petitioner's self-serving statements as to his state of mind and that his mother and brother would have testified to the "violent" nature of the victim and that he was "afraid" of the victim, fail to overcome Petitioner's own testimony that he shot the victim, left the room and returned to shoot him once again, resulting in the victim's death. Petitioner admitted that he could have left rather than shoot the victim. Petitioner has not satisfied his burden under the *Strickland* standard to establish ineffective assistance of counsel. The Court finds that the Missouri Appellate Court's decision with regard to Petitioner's ineffective assistance of counsel claim was not contrary to, federal law, nor was it an unreasonable application of federal law. Petitioner's final objection is therefore overruled.

## **Conclusion**

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court will adopt the Recommendation of Judge Blanton that the Petition be denied.

**Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner objects to Judge Blanton's recommendation that a Certificate not issue as premature to this Court's analysis. Petitioner's objection is without merit in that Judge Blanton based his recommendation on the record before him and the standard for the issuance of the Certificate. Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Shahean Jones for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS FURTHER ORDERED** that the request by Petitioner for a Certificate of Appealability is denied, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 22nd day of August, 2007.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE